UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE RUBIO**  BOP #38867-180 | : | **CIVIL ACTION NO. 2:15-cv-406**  **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Christopher Lee Rubio (hereinafter "Rubio"). Rubio is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Bastrop, Texas.[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

On February 24, 2010, Rubio pleaded guilty to possession with intent to distribute one hundred kilograms or more of marijuana. Doc. 1, att. 2, p. 4. The report prepared in that case reflected an increase in the base level offense due to the career offender provision of § 4B1.1 of

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Rubio was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

- 1 -

the United States Sentencing Guidelines (hereinafter "USSG"). *Id.* at 5. On January 24, 2011, Rubio was sentenced in the United States District Court for the Western District of Texas (Del Rio Division) to 188 months imprisonment. *Id.*; doc. 1, p. 1. Rubio appealed his conviction to the United States Court of Appeals for the Fifth Circuit, which affirmed on July 21, 2011. Doc. 1, att. 2, p. 4. He did not seek further review with the United States Supreme Court. *Id.*

On August 19, 2011, Rubio filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the United States District Court for the Western District of Texas. Doc. 1, p. 2; doc. 1, att. 2, p. 4. The motion was denied on September 30, 2014. Doc. 1, p. 3. While Rubio's § 2255 was pending in Texas, he filed a 28 U.S.C. § 2241, petition for a writ of *habeas corpus* in the United States District Court for the Western District of Oklahoma, which petition was denied on April 27, 2012. *Id.*

On February 17, 2015, Rubio signed and dated the instant *habeas* petition (received and filed by the court on February 19, 2015), claiming that pursuant to *Persaud v. United States*, 134 S. Ct. 1023 (2014), *Alleyne v. United States,* 133 S. Ct. 2151 (2013), and *Johnson v. United States*, 135 S.Ct. 2551 (2015), USSG § 4B1.1 was unconstitutionally applied to his case. Doc. 1, att. 2, p. 1.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Rubio collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of *habeas corpus* on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

Rubio does not satisfy the criteria set forth above. His reliance on *Alleyne, Persaud*, and *Johnson* is misplaced as the Supreme Court has not made any of the cited cases retroactively applicable on collateral review. The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Fifth Circuit's recent decision in *Sharbutt v. Vasquez*, 600 Fed. Appx. 251 (5th Cir. 2015), addressed this issue in regard to *Persaud*. Therein, the court stated that "Sharbutt's contention that *Persaud* … stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision." *Sharbutt*, 600 Fed. Appx. 252.

Likewise, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review.  The Fifth Circuit Court of Appeal addressed this argument in *In re Kemper*, 735 F.3d 211 (5th Cir. 2013)*,* noting that "*Alleyne* is a direct criminal appeal…and therefore did not involve a retroactive application of a rule on collateral review." *Id*. at 212.  Moreover, the Fifth Circuit noted that the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review.  *Id.*

In regard to *Johnson*, Rubio simply states "as a career offender it could help me and affect my case so I would like to add on and submit the Johnson case to my 2241 motion. . . ."  Doc. 9.  Regardless of his potential arguments regarding the applicability of *Johnson*, the outcome does not differ from his reliance on *Alleyne* and *Persaud*.  Namely, the Supreme Court gave no indication that its decision in *Johnson* should be given retroactive application to a case on collateral review, such as the instant action.

Further, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011).  A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230; *see also Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

### III.
#### CONCLUSION

Since Rubio has not met the savings clause requirements, his claims are not properly

brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE